IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SAMUEL D. NEWTON                                     PLAINTIFF

v.                               No. 5:14-cv-75-DPM

ARKANSAS DEPARTMENT
OF CORRECTION                                 DEFENDANT

ORDER

Newton is a long-time ADC employee who manages some of the prison maintenance staff. He says that the ADC retaliated against him after he disciplined a white, female subordinate. He got a warning on his record and his authority to manage was undercut. Newton sues under Title VII, the Arkansas Civil Rights Act, and state law for discrimination, retaliation, outrage, and defamation. He also seeks punitive damages and to have his employment record cleared. The ADC moves to dismiss.

**Title VII.** Setting the comparator issue aside, the deep question is whether the warning on Newton's record is a sufficient adverse employment action to carry a discrimination or retaliation claim. As a matter of law, it is not. *Hill v. City of Pine Bluff, Arkansas*, 696 F.3d 709, 715 (8th Cir. 2012); *Baucom v. Holiday Companies*, 428 F.3d 764, 768 (8th Cir. 2005), *abrogated on other grounds by Burlington Northern and Santa Fe Railroad Co. v. White*, 548 U.S. 53

(2006). Newton hasn't alleged that the warning materially affected anything tangible — not his pay, his benefits, or his hours. While he does allege that the warning undercut his authority, he has not pleaded with sufficient particularity to state a plausible claim; the effect is just too marginal to move the case forward. *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 971-72 (8th Cir. 1999). Newton may have a case if, in the future, ADC uses this warning as a reason for changing the terms of his employment. *Spears* v. *Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 854 (8th Cir. 2000). Until then, though, any Title VII claim is premature.

**State Law Claims.** ADC is right that Newton's ACRA and state law claims fail because the state enjoys immunity from suit. ARK. CODE ANN. § 16-123-104. Newton, in response, seeks permission to amend the complaint to add some individual ADC officers. *№ 10 at 2*. The embedded motion is denied. Having dismissed the federal claim, the Court declines to exercise its supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c). ADC's motion to dismiss, *№ 4*, is granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 July 2014